UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV124-EHJ

RONALD K. NEWTON                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                        DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Ronald Newton's objections to the proposed report and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed report and recommendation should be adopted, and the decision of the Commissioner should be affirmed.

Mr. Newton filed an application for disability insurance benefits on September 27, 2002, alleging that he became disabled on April 30, 2002 as a result of right knee difficulties. After a hearing on June 24, 2004, Administrative Law Judge Thomas Bryan ("ALJ") found that Mr. Newton has a severe impairment of degenerative joint disease of the right knee, but the condition does not meet or medically equal listed impairments. Though he may not return to his previous relevant work, the ALJ found that Mr. Newton retains the residual functional capacity to perform sedentary work.

The plaintiff has filed objections to the magistrate's report, arguing that: 1) the ALJ failed to apply a function-by-function analysis in determining residual functional capacity; 2) the ALJ improperly applied the medical-vocational guidelines; and 3) the ALJ failed to properly consider the claimant's severe left knee impairment and his approved vocational rehabilitation plan.

The Court has reviewed the Decision and the ALJ's residual functional capacity analysis, and finds that it is an accurate reflection of the evidence of record and is consistent with SSR 96-8p. The plaintiff complains that while the ALJ acknowledged his limitations with climbing stairs, bending at the knees, and squatting, he did not find them to be nonexertional impairments that would erode the sedentary work base. The Court is not persuaded by this argument, as these postural activities are generally not required by sedentary work. The ALJ properly discussed and considered the evidence of record and found that the plaintiff retains the residual functional capacity to perform a full range of sedentary work pursuant to 20 C.F.R. §404.1567(a). The Court agrees with the magistrate that the ALJ implicitly found plaintiff capable of the full range of sedentary work based upon the RFC that plaintiff can lift a maximum of 10 pounds and sit for a full workday (8 hours) with normal breaks and rest periods.

The plaintiff's next argument is contingent upon the first argument. That is, plaintiff argues that the ALJ improperly applied the Medical Vocation Guidelines ("grids") to make his finding of "not disabled." In order for the ALJ's direct application of the grids in this fifth-step denial decision to be erroneous, the claimant's ability to perform a full range of sedentary work must have been compromised by nonexertional limitations. As noted above, the Court declines to find the postural limitations complained of by plaintiff as significantly limiting his ability to perform the full range of sedentary work. Next, plaintiff argues that the ALJ should have acknowledged both right and left knee impairments, as the combination would effect his ability to balance when standing or walking on level terrain. As balancing is generally not required in the performance of sedentary work, the Court does not find error in the ALJ's decision on this basis.

Finally, the claimant argues that the ALJ should have taken into consideration his approved vocational rehabilitation plan which indicates he could not be placed in current substantial gainful employment and was engaged in a full time rehabilitation program at the time of the hearing. The Court fails to see that this error, if an error at all, is case-dispositive. Accordingly, the argument is rejected. The magistrate's report and recommendation are adopted. A judgment in conformity has this day been entered.